BENNIE HILL v. THE STATE.

No. 8127. Decided May 14, 1924.

Rehearing denied June 18, 1924.

**1.—Murder—Remarks by Judge—Bill of Exceptions.**

Under the well recognized rule that the matter complained of must be made known to be injurious by definite and specific averment, this court is compelled to hold that defendant's exceptions to the jury panel for the week addressed by the court to the jury before they had been empaneled to try the case, cannot be considered.

**2.—Same—Remarks by Court—Bill of Exceptions.**

The setting and surrounding circumstances not being given in the bill of

exceptions with reference to the remarks of the court in relation to the witness under examination, the same cannot be considered on appeal.

#### 3.—Same—Evidence.

There was no error in the refusal of the court to permit a witness to testify to the fact that prior to the homicide and at a date which was not shown to be within the rule admitting such evidence, deceased had shot two other men.

#### 4.—Same—Sufficiency of the Evidence.

Where, upon trial of murder, the evidence sustained the conviction, there is no reversible error.

Appeal from the District Court of Eastland. Tried below before the Honorable E. A. Hill.

Appeal from a conviction of murder; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*Judkins & Dodson,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Eastland County of murder, and his punishment fixed at twenty-five years in the penitentiary.

There are three bills of exception in the record. The first complains of language and conduct of the trial court, but unfortunately the bill presenting the complaint fails to show that same took place in the presence and hearing of any jurors who sat upon this trial. On this point the bill states: ''While the jury panel for the week were seated in the courtroom and before the jury had been empaneled to try this case.'' Appellant was charged with murder and no statement appears in the bill of exceptions as to where the special venire was when the acts and conduct referred to took place, nor is there any showing that such venire was waived or that any of the jurors for the week who saw or heard same, were on the jury selected to try this case. Under the well recognized rule that the matter complained of must be made known to be injurious by definite and specific averment, we are compelled to hold against appellant upon this point.

It is further complained in another bill of exceptions that while appellant was cross-examining a State witness, the court in the presence and hearing of the jury remarked: ''If you don't want this witness to injure your case, you had better let her go right now.'' The setting or surrounding circumstances are not given in the bill of exceptions. The witness was a character witness. Conceding for the

purpose of the decision the apparent impro7priety of the remark, we observe that the statute invoked, Article 787 C. C. P., forbids discussion or comment by the court on the weight of the testimony, or its bearing in the particular case, or the making of any remark calculated to convey to the jury the judge's opinion of the case. We are not able to bring the matter complained of here within the comprehension of said article. The remark is as easily susceptible of an effort on the part of the court to assist appellant's counsel, as otherwise. There is no brief on file for appellant, and we are unable to understand how said remark was a comment on the weight of the evidence or calculated to convey to the jury the court's opinion of the case.

The only other bill complains of the refusal of the court to permit a witness to testify to the fact that prior to the homicide, and at a date which is not shown to be within the rules admitting such evidence, deceased had shot two other men. It is plain that there should be such averment relative to the time as would make it appear to this court that the evidence was admissible. The general objection sustained by the court would otherwise appear sufficient.

The evidence both from the State and defense witnesses shows overwhelmingly that appellant, deceased and two others were engaged in a game of dominoes for money. Deceased won and was in the act of putting the money thus obtained in his pocket when appellant shot him. Appellant did not combat this by his own testimony further than to say that when deceased put the money in his pocket he looked at him and thinking deceased was going to shoot, he shot and killed deceased. Statements made by appellant which were in testimony showed threats by him to kill deceased; other statements attributed to appellant directly after the shooting as to the manner and circumstances of same were introduced by the State and were entirely contradictory of the testimony given by appellant on the trial.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*

[Rehearing denied, June 18, 1924.   Reporter.]